IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRAVIS DENORRIS ARNOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14CV604 |
| | ) | 1:08CR322-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, filed an application for a writ of habeas corpus using the forms for a petition pursuant to 28 U.S.C. § 2241, together with an application to proceed *in forma pauperis*. Generally, petitions pursuant to § 2241 challenge the execution or computation, as opposed to the validity or legality, of the conviction or sentence. This petition does not pose such a challenge, but instead attacks the validity of Petitioner's conviction.

Notwithstanding, relief pursuant to § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of their detention. See 28 U.S.C. § 2255(e); In re Jones, 226 F.3d 328,

333 (4th Cir. 2000). This is the so-called "savings clause" of § 2255. It is beyond question, however, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Id. at 333 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A contrary rule would effectively nullify the gatekeeping provisions. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)). Instead, to satisfy the savings clause and proceed under § 2241, Petitioner must also show that (1) at the time of his conviction, the settled law of the applicable circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted was deemed not criminal; and (3) he could not satisfy the gatekeeping provisions of § 2255 because the new rule was not one of constitutional law. Jones, 226 F.3d at 333-34.

In this case, Petitioner has already attacked the same conviction and sentence in a previous § 2255 motion [1:10CV892] which was dismissed with prejudice. Therefore, he must move in the Court of Appeals for permission to file a second or successive motion pursuant to § 2255. Id. Petitioner does not show that he has done so. Further, a review of his filing reveals that his claims would not satisfy the savings clause under § 2241, as they do not rest on any recent change in law. Because of these pleading failures, this particular motion should be filed and then dismissed.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that this action be filed and then dismissed *sua sponte* for Petitioner's failure to seek certification for a second or successive § 2255 motion by filing a Motion for Authorization in the Court of Appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

IT IS ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS ORDERED that the Clerk send Petitioner a copy of this Recommendation and instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the Court of Appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 7th day of January, 2015.

                                                                  /s/ Joi Elizabeth Peake
                                                            United States Magistrate Judge